UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACLYN LACZKOWSKI and JANICE
J. JUNE f/k/a JANICE J. GOLENIAK,

        Plaintiffs,                Civil Case No. 15-13039
                                           Honorable Linda V. Parker

   v.

CITIMORTGAGE, INC.

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 4] AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF No. 12]

In this diversity jurisdiction case, removed from state court on August 26, 2015, Plaintiffs seek to quiet title and discharge a mortgage on property commonly known as 42824 Lilley Pointe Drive, Canton, Michigan 48187 ("Property"). Presently before the Court is Defendant CitiMortgage Inc.'s motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 1, 2015. (ECF No. 4.) Also before the Court is Plaintiffs' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56 on October 12, 2015. (ECF No. 12.) Both motions have been fully briefed. Finding the facts and legal arguments sufficiently presented in the parties' pleadings, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For

the reasons that follow, the Court grants Defendant CitiMortgage Inc.'s motion and denies Plaintiffs' motion.

## I. Applicable Standards

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading

stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the

"nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II.    Factual Background

On September 10, 1998, Margaret D. Shepard ("Shepard") acquired title to the Property pursuant to a Warranty Deed, which was recorded in the Wayne County Register of Deeds on October 14, 1998. (ECF No. 12, Ex. 3.) On September 21, 1998, Shepard executed a Quit Claim Deed ("Shepard Deed") pursuant to which she conveyed a life estate interest in the Property to herself, with remainder interests to Plaintiffs, reserving to herself "the power of sale during her

life." (*Id.*, Ex. 1, capitalization removed.)  The Shepard Deed was recorded in the Wayne County Register of Deeds on December 15, 1998.

On November 6, 2002, Shepard executed a promissory note in favor of ABN AMRO Mortgage Group, Inc. in the principal amount of $70,656.00.  (*See id.*, Ex. 2.)  On the same date, Shepard also signed a mortgage conveying the Property as security for the promissory note ("ABN AMRO Mortgage").  (*Id.*)  The ABN AMRO Mortgage was recorded with the Wayne County Register of Deeds on October 17, 2003.

In the meantime, on January 29, 2003, Shepard and Plaintiffs executed a mortgage on the Property securing a loan from Standard Federal Bank NA ("Standard Federal Loan").  (*Id.*, Ex. 4.)  The Standard Federal Loan was recorded with the Wayne County Register of Deeds on February 7, 2003.  (*Id.*)

Shepard died on December 19, 2011.

On November 8, 2012, a Subordination Agreement was executed establishing the priority of the ABN AMRO Mortgage, now held by its successor Defendant CitiMortgage, Inc. ("CitiMortgage"), over the Standard Federal Mortgage, now held by its successor Bank of America.  (ECF No. 4, Ex. C.)  The Subordination Agreement was recorded in the Wayne County Register of Deeds on November 26, 2012.  (*Id.*)

The Standard Federal Mortgage was discharged pursuant to a Discharge of Mortgage dated April 15, 2015, which was recorded with the Wayne County Register of Deeds on the same date. There was a default on the ABN AMRO Mortgage resulting in the initiation of foreclosure proceedings against the Property.[1] (ECF No. 17, Ex. F.) According to a Notice of Publication dated April 15, 2015, a balance of $77,702.99 remained due on the mortgage. (*Id.*) On August 4, 2015, Plaintiffs filed their Complaint in Michigan state court seeking to quiet title to the Property and discharge the Mortgage.

## III.   Applicable Law and Analysis

Plaintiffs seek to quiet title to the Property pursuant to Michigan Compiled Laws § 600.2932. The Michigan Court Rules set forth the requirements for "actions to determine interests in land under [Michigan Compiled Laws §] 600.2932." Mich. Ct. R. 3.411(A). Pursuant to Rule 3.411(B)(2), to state a claim for quiet title, the plaintiff must allege: "(a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts

---

[1] In the interim, on July 25, 2014, the condominium association where the Property is located initiated a lawsuit against Plaintiffs to foreclose on the association's liens against the Property. (ECF No. 17, Ex. D.) Plaintiffs thereafter entered into a consent judgment in which they acknowledged their liability and default in payment of the condominium dues and the association's ability to foreclose if payment was not received. (*Id.*) According to Citimortgage, it paid off the association's liens. (ECF No. 17 at Pg ID 440.) Although Citimortgage does not present evidence to establish that it paid the association the amount owing, Plaintiffs have not disputed CitiMortgage's claim.

establishing the superiority of the plaintiff's claim." Mich. Ct. R. 3.411(B)(2). The plaintiff " 'has the burden of proof and must make out a prima facie case of title. If the plaintiff makes out a prima facie case, the defendant then has the burden of proving superior right or title in themselves.' " *Khadher v. PNC Bank, NA*, 577 F. App'x 470, 478 (6th Cir. 2014) (brackets removed) (quoting *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. 1999)).

Plaintiffs fail to establish that their interest in the Property is superior to CitiMortgage's interest. This is because the Shepard Deed, by expressly giving Shepard the unrestricted power to sell the Property, conveyed to Plaintiffs only a contingent future interest in the Property. Mich. Comp. Laws § 554.13; *see also In the Matter of the Estate of Dolores Ann Davis*, 18 Quinnipiac Prob. L.J. 247 (2005) (discussing Wayne County Probate Court's March 29, 2005 decision, finding that a deed in which the grantor reserves a life estate with full power of sale conveys only a future interest); *Cook v. Coburn*, 97 A.3d 892, 895 (Vt. 2014) (same). As Michigan Compiled Laws Section 554.13 explains:

> Future estates are either vested or contingent:
>
> They are vested when there is a person in being who would have an immediate right to the possession of the lands, upon the ceasing of the intermediate or precedent estate. They are contingent whilst the person to whom, or the event upon which they are limited to take effect remains uncertain.

Mich. Comp. Laws Ann. § 554.13 (West); *see also Horton v. Moore*, 110 F.2d 189, 191 (6th Cir. 1940) (interpreting Michigan law and explaining that "contingent estates are made to depend on two conditions, (1) when the person to whom the estate is given remains uncertain, (2) when the event upon which such estates are limited to take effect remains uncertain.")  Whether Plaintiffs' future estate took effect was dependent upon whether Shepard sold the Property during her lifetime.  As such, Plaintiffs' interest in the Property had not yet vested when Shepard executed the ABN AMRO Mortgage.  The existence of the power of sale clause in the Shepard Deed renders this case materially distinguishable from the case on which Plaintiffs' rely: *Hitchock v. Simpkins*, 58 N.W. 47 (Mich. 1894).

As the cases cited by CitiMortgage reflect, where the holder of the life estate retains a power of sale, he or she may sell the property without the individuals holding a remainder interest executing the deed and the purchaser takes a fee simple estate.  *See Bill & Dena Brown Trust v. Garcia*, - N.W.2d -, 2015 WL 6159413 (Mich. Ct. App. Oct. 20, 2015); *In re Tobias Estates*, No.304852, 2012 WL 1648847 (Mich. Ct. App. May 10, 2012) (unpublished opinion).  For this to be the case, the interests of the remainder holders could not have been vested at the time of the sale.  As such, like the purchaser in *In re Tobias Estates*, CitiMortgage's interest in the Property is superior to Plaintiffs.

8

For these reasons, the Court concludes that Plaintiffs did not take title to the Property free and clear of the ABN AMRO Mortgage when Shepard died in 2011. The mortgage remained a valid encumbrance on the Property.

Accordingly,

**IT IS ORDERED**, that Defendant CitiMortgage Inc.'s Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 4] is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiffs' Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 is **DENIED**.

                                              s/ Linda V. Parker  
                                              LINDA V. PARKER  
                                              U.S. DISTRICT JUDGE

Dated: April 26, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 26, 2016, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury  
                                              Case Manager